WILLIAM NAUGHTON

*v.*

GEORGE W. ELLIOTT.

[Decided February 19th, 1907.]

1. Where, in a suit by the vendee in a contract for the sale of land for specific performance, it appeared that after the time when conveyance should have been made defendant had leased the premises, on which there were buildings belonging to complainant, and which he had placed there under a lease, and that defendant had rented the real estate and buildings for a sum amounting to merely the value of the ground rent without regard to the building, on a decree for complainant, defendant should be charged, not only with such ground rent, but with the reasonable additional value of the rent of the buildings.

2. The fact that, on an application to restrain defendant from collecting the rents and for a receiver, by consent of all parties an order was made authorizing defendant to collect the rent until disposition of the litigation, did not sustain a contention that defendant had been in charge of the premises as a receiver for a certain period, and that during such period he should not be charged with more rent than he actually received.

On bill for specific performance. On settlement of account for rents, &c.

*Mr. Frederick W. Hope,* for the complainant.

*Mr. William J. Leonard* and *Mr. Sherrerd Depue,* for the defendant.

EMERY, V. C.

Complainant, as purchaser, has obtained a decree for specific performance against the vendor in possession, and the question now litigated is the amount of rents for which the vendor shall be charged for the property to be conveyed to complainant. He has received $650 a year from December, 1902, to May 10th, 1905, when complainant took possession under order of court, and insists that this is the gross amount of rents with which he is chargeable.

Ordinarily, in the accounting on decree for specific performance, a vendor, in possession and in receipt of tenants' rents, is chargeable only with the rents actually received, but he may, under special circumstances, be charged with those which without his willful neglect or default he might have received if equitable and proper. *Fry Spec. Perf. (4th ed.)* §§ *1427, 1428.*

The principle as stated by Lord Selbourne, chancellor, in *Phillips* v. *Silvester, L. R. 8 Ch. App. 173*, is "that where the vendor retains possession, it must be on the terms of his undertaking the duties of possession, while he insists upon retaining possession. He is *pro tanto* a trustee in possession for the purchaser, but a trustee who holds the purchaser at arm's length, and a trustee, therefore, who is bound to do those things he would be bound to do if he were a trustee for any person."

In the present case the complainant was a lessee of the premises with an option to purchase, which was duly exercised within the time limited, and before the expiration of the lease expiring November 10th, 1902. At that time a tenant was in possession under the complainant at a rental of $1,100, and negotiations were pending for a renewal of the lease. The rental included both the land, to which defendant held the legal title, and the buildings, which were owned by complainant, and were occupied for the purpose of a hotel under a license. Complainant paid $650 rental to defendant for the lands alone. On or shortly after the termination of the complainant's lease, defendant secured possession of the lands, by threatening to dispossess complainant's tenant, who then attorned to or leased from him at a rental of $650 a year. The defendant says that this rental

was for the lands alone, and both he and the tenant Keenan in their affidavits or depositions called the rental ground rent, and it is the same sum which defendant had for some years received for the land alone. But the tenant occupied the buildings for hotel purposes, and the license was continued from year to year (apparently by the aid of both parties pending this litigation) until complainant received possession.

Defendant has offered and tendered by his answer $800 to the complainant, as the purchase price of the buildings, if the option was not exercised or the buildings removed. While defendant says that he didn't think the buildings practically worth anything, it is clear, I think, that the continuance of the buildings on the land and their use for hotel purposes pending the litigation was a privilege or right which gave additional value to the premises for renting, and defendant was therefore bound, on renting the property, to see not only that his ground rent was secured, but also that a fair rental value in addition for the use of the buildings for hotel purposes on the land. He has failed either to secure or, so far as the evidence shows, to attempt to secure, as rent, anything more than that which would be rent for the land, all of which he claimed as his own. He seems to have taken the position that he had nothing to do with the rental of the buildings, and that the complainant must either take them off or collect his own rent for them. In this respect he took the risk of being finally held to be a trustee in possession either of the land or buildings.

In addition to the amount which he fixed as the rental value of the lands alone, the defendant should therefore be charged with such additional rent as he might have obtained by adding a fair rental value for the buildings used as a hotel. What this amount should be is not as clear upon the evidence as it should be, but as both parties have submitted all the proofs proposed to be given, I must reach the best conclusion practicable. Complainant claims that Keenan, the tenant, had agreed to renew his lease for $1,000, and that he could have obtained at least this amount from another person. But Keenan denies any final arrangement to pay this amount, and it is apparent that this sum was intended to be paid only if substantial improvements

were made. The other offer of $1,100 was not definite or final. Keenan's present statement is that the $650 paid was all the premises were worth, but, in my judgment, the ground rent alone was worth this amount on the basis of several years' valuation, and neither Keenan's nor the defendant's present statements after the fact ought to be accepted as evidence of very conclusive weight, that in bargaining with complainant's tenant originally for the lease defendant could not have obtained additional rent for the buildings had he desired to do so.

In the absence of any evidence showing that the defendant made any effort to procure for the rental of the whole property more than the amount of ground rent, he should be charged with a reasonable sum in addition for the occupation of the buildings for hotel purposes. I think $200 a year should be added for this sum, and that the defendant during his occupation should be charged with the gross amount of rent at the rate of $850 a year.

It was urged for defendant that, from December 10th, 1903, he was in charge of the premises as receiver, under an order of that date made in the cause, and, being in possession in that capacity, cannot be charged with more rent than the amount actually received. But this order of December 10th did not have, and was not intended to have, the effect of relieving him from any liability imposed on him as vendor on a subsequent accounting in the suit. It was an order made on an application to restrain him from collecting any rents from the premises in question, under the lease he had made to Keenan, and for a receiver of the premises, and, by consent of all parties, an order was made authorizing defendant

"to collect of the tenant, Keenan, the rent for the land in question in the suit, at the rate of $650 per year, now due, or which may become due, until the suit was disposed of, and to hold this money collected subject to the order of the court,"

and the application for receiver was thereupon suspended. This order merely allowed defendant to collect the rent under the lease he had already made, he stipulating to hold the money collected. The order did not in terms pass on the question of

ultimate liability on accounting for rents as vendor trustee in possession if complainant obtained a decree, and no such question was then at issue. Defendant was not a receiver put in possession by the court, or acting as its officer, but was a defendant receiving rents under a lease made by himself, who, on his stipulation to hold the rents received, subject to the order of the court, was allowed to continue the collection of rents under the lease already made. The application to appoint any receiver was not acted on, but was expressly postponed. This order of December 10th should not, by any implication or construction, be extended to relieve defendant from any responsibility for rents beyond the amount he received.

The other items entering into the accounting were not disputed, and may be adjusted on final settlement of decree.